UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER HAVLIK

VS. C.A. NO.: 05-510-ML

JOHNSON & WALES UNIVERSITY

**PLAINTIFF'S MOTION TO COMPEL**

Now comes the plaintiff, Christopher Havlik, and hereby moves that the defendant be compelled to produce documentation previously described in a request for production of documents dated February 24, 2006. As grounds for said motion, the moving party refers to the Memorandum of Law attached hereto and incorporated herein by reference.

CHRISTOPHER HAVLIK,
BY HIS ATTORNEY,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 15th day of May, 2006 I mailed a true copy of the within to Paul V. Curcio, Esq., Adler, Pollock & Sheehan, PC., One Citizens Plaza, 8th Floor, Providence, RI 09203 – 1345.

Lisa Ann Soucy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER HAVLIK

VS. C.A. NO.: 05-510-ML

JOHNSON & WALES UNIVERSITY

**MEMORANDUM OF LAW**
**IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL**

The plaintiff filed a request for production of documents in correspondence forwarded to defendant's attorney on February 24, 2006, a copy of which is attached. The defendant has failed to respond to the request and has failed to produce the documentation requested. The documentation is relevant, not to mention reasonably calculated to lead to discoverable evidence, in that it relates to documentation pertaining to Johnson & Wales' ultimate dismissal of Christopher Havlik as a student at the school.

This is a two Count Complaint that pertains to libel in connection with a Crime Alert Assault pamphlet that was distributed by Johnson & Wales representatives regarding the plaintiff on September 21, 2004. A copy of the Crime Alert Assault pamphlet is attached hereto. The Complaint also seeks damages for the defendant's breach of its obligation to the plaintiff to provide Mr. Havlik with a fair hearing in the event that internal charges were filed against him. Since the school had pronounced him guilty with reference to the internal charges before a formal decision was made, it is the plaintiff's contention that the defendant was unfairly expelled as a student at the school without a just hearing.

The documentation sought relates to plaintiff's answers to interrogatories and certainly is relevant to the school's ultimate decision to expel the plaintiff.

CHRISTOPHER HAVLIK,
BY HIS ATTORNEY,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 15th day of May, 2006 I mailed a true copy of the within to Paul V. Curcio, Esq., Adler, Pollock & Sheehan, PC., One Citizens Plaza, 8th Floor, Providence, RI 09203 – 1345.

Lisa Ann Soucy