UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER HAVLIK :
:
Vs. : C.A. No. 05-510ML
:
JOHNSON & WALES UNIVERSITY :

**JOHNSON & WALES UNIVERSITY'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL**

Pursuant to DRI LR 7(b)(1) Johnson & Wales University ("JWU") hereby objects to Plaintiff's Motion to Compel because, *inter alia*, the plaintiff failed to comply with Fed. R. Civ. P. 37(a)(2)(B). Plaintiff's motion to compel should be stricken for failure to to comport with the governing rules of civil procedure.

The grounds for this objection and motion to strike are set forth more fully in the accompanying memorandum of law.

Respectfully submitted,

JOHNSON & WALES UNIVERSITY
By its Attorneys,

Paul V. Curcio (#1965)
Katy A. Hynes (#6659)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: 5/26/06

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed/hand delivered to the following attorneys of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903 this 26th day of May, 2006.

Shelley L. Zimmerman

*382438_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER HAVLIK :
:
Vs. : C.A. No. 05-510ML
:
JOHNSON & WALES UNIVERSITY :

**MEMORANDUM OF LAW IN SUPPORT OF JOHNSON & WALES UNIVERSITY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Johnson & Wales University ("JWU") respectfully submits this memorandum of law in support of its objection and motion to strike plaintiff's motion to compel. As grounds for this objection and motion, JWU states that the plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(2)(B). Specifically, the plaintiff has failed to confer or attempt to confer with JWU in an effort to resolve this discovery issue and has likewise failed to include such certification in his motion to compel as required under the rule. In addition, several of the documents that the plaintiff seeks in his motion to compel had been provided to the plaintiff on February 22, 2006. The remainder of the documents sought, with the exception of two documents which are subject to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), were provided to plaintiff on May 25, 2006. Finally, by letters dated March 13, 2006 and March 17, 2006, counsel for JWU informed the plaintiff that in order to facilitate the production of the documents subject to FERPA, the plaintiff must issue a subpoena for those documents. To date, no subpoena has been issued. For all of these reasons, explained more fully below, this Court should sustain JWU's objection to plaintiff's motion to compel and should strike the motion for failure to comply with the governing rules of federal civil procedure.

## I. Brief Summary of the Relevant Discovery Events

To begin with, on January 25, 2006, the plaintiff noticed the deposition of the president of JWU and requested that he bring to his deposition certain documents. (*See* Notice of Deposition attached hereto as **Exhibit 1**). This notice was not accompanied by a subpoena. On February 20, 2006, JWU's counsel wrote to plaintiff's counsel to alert him to the fact that JWU was working toward the production of the documents requested, subject to the limitations of FERPA and to request that the plaintiff describe with greater specificity certain of the documents being requested in order to assist with the production. (*See* letter dated February 20, 2006 attached hereto as **Exhibit 2**). On February 22, 2006, JWU provided the plaintiff with 188 documents, which included all of the documents in the possession of JWU regarding this matter with the exception of privileged documents and documents subject to FERPA (*See* letter dated February 22, 2006 attached hereto as **Exhibit 3**). Two days later, plaintiff's counsel sent a letter to JWU's counsel and included in that correspondence a request for certain documents (*See* letter dated February 24, 2006 attached hereto as **Exhibit 4**). Many of the documents requested in this correspondence were provided to the plaintiff on February 22, 2006. On March 13, 2006, JWU's counsel wrote to plaintiff's counsel to advise him that in order to facilitate the production of those documents subject to FERPA[1], plaintiff must issue a subpoena for those documents. (*See* letter dated March 13, 2006 attached hereto as **Exhibit 5**). The plaintiff did not issue a subpoena. The plaintiff did not confer or attempt to confer with JWU with regard to these discovery issues. Instead, on May 15, 2006, the plaintiff filed a motion to compel.[2] Plaintiff's

---

[1] As corrected by letter dated March 17, 2006, JWU's counsel inadvertently referred to FERPA as "HIPPA". (*See* letter dated March 17, 2006 attached hereto as **Exhibit 6**.) The governing statute is FERPA.

[2] Not only did this motion to compel fail to include the good faith certification as required by Fed. R. Civ. P. 37(a)(2)(B), but it also failed to attach the "Crime Alert Assault pamphlet" that it states is attached to the memorandum of law.

motion should be denied, JWU's objection should be sustained, and plaintiff's motion should be stricken.

## II. Plaintiff's Motion to Compel Fails to Comply with the Fed. R. Civ. P. 37(a)(2)(B).

Fed. R. Civ. P. 37(a)(2)(B) provides in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

The plaintiff has failed to comply with this mandate. The plaintiff has not attempted to confer, much less conferred, with JWU in an effort to secure this information. The plaintiff has failed to include in his motion to compel the certification required under Fed. R. Civ. P. 37(a)(2)(B). The plaintiff has even failed to respond to correspondence from JWU with regard to the production of these documents. In fact, the plaintiff has done nothing whatsoever with regard to this discovery request since the February 24, 2006 correspondence other than to blindly and in plain contravention of the governing rules move to compel the production of documents (many of which have previously been produced).

## III. JWU Provided Many of the Documents on February 22, 2006

On February 22, 2006, JWU provided the plaintiff with 188 documents, which included all of the documents in the possession of JWU regarding this matter with the exception of privileged documents and documents subject to FERPA

## IV. JWU Provided Supplemental Documents on May 25, 2006

On May 25, 2006, JWU provided plaintiff with supplemental documents, which included every document requested in the February 24, 2006 correspondence, exclusive of those documents previously produced, as well as two documents which are subject to the limitations of

FERPA. Exclusive of these two FERPA-related documents, JWU has provided the plaintiff with every document he has requested.

## V. Two Documents Requested are subject to FERPA and Plaintiff Has Failed to Facilitate the Process Required Under FERPA

On March 13, 2006, JWU's counsel wrote to plaintiff's counsel to advise him that in order to facilitate the production of those documents subject to FERPA[3], plaintiff must issue a subpoena for those documents. (*See* **Exhibit 5**). The plaintiff did not issue a subpoena. JWU is not permitted under federal law to disclose those documents until the specified procedure has been satisfied. The burden is on the plaintiff, not JWU, to take the next step to satisfy this procedure. Until such time, the two documents limited by FERPA may not be produced.

## VI. Conclusion

For all of the foregoing reasons, JWU respectfully requests that this Court deny and strike the plaintiff's motion to compel and sustain JWU's objection.

Respectfully submitted,

JOHNSON & WALES UNIVERSITY
By its Attorneys,

Paul V. Curcio (#1965)
Katy A. Hynes (#6659)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: May 26, 2006

[3] As corrected by letter dated March 17, 2006, JWU's counsel inadvertently referred to FERPA as "HIPPA". (*See* letter dated March 17, 2006 attached hereto as **Exhibit 6**.) The governing statute is FERPA.

CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed/hand delivered to the following attorneys of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903 this 26 th day of May, 2006.

Shelley R. Zimmerman

*382440_1.doc*