UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER HAVLIK | : | |
| | : | |
| Vs. | : | C.A. No. 05-510ML |
| | : | |
| JOHNSON & WALES UNIVERSITY | : | |

**JOHNSON & WALES UNIVERSITY'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Johnson & Wales University ("JWU") objects to Plaintiff's Motion to Amend Complaint to add a purported claim for punitive damages on the grounds that the proposed amendment would be futile because, *inter alia*, it does not allege the requisite elements to support a claim for punitive damages, and in particular, punitive damages in a defamation case.

The grounds for JWU's objection are set forth more fully in the accompanying memorandum of law.

Dated: October 30, 2006

DEFENDANT,
JOHNSON & WALES UNIVERSITY
By its attorneys,

/s/ John A. Tarantino

JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PAUL V. CURCIO, #1965
pcurcio@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER HAVLIK | : | |
| | : | |
| Vs. | : | C.A. No. 05-510ML |
| | : | |
| JOHNSON & WALES UNIVERSITY | : | |

**MEMORANDUM OF LAW IN SUPPORT OF JOHNSON & WALES UNIVERSITY'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Johnson & Wales University ("JWU") submits this memorandum of law in support of its objection to Plaintiff's Motion to Amend Complaint to add a purported claim for punitive damages. As grounds for its objection, JWU states that the amendment would be futile because, *inter alia*, it does not allege the elements required to support a claim for punitive damages, and in particular, punitive damages in a defamation case.

**BRIEF OVERVIEW**

On December 7, 2005 the Plaintiff filed a two-count complaint in this matter, alleging defamation and breach of contract. Count I, the defamation claim, arises from a "Crime Alert" published on September 21, 2004 by the Safety and Security Department of JWU in response to an assault in an area near a JWU campus. *See* Crime Alert attached hereto as Exhibit A. The Crime Alert states, in pertinent part, that it was reported "… a knife was shown during the incident." The Crime Alert goes on to state: "The assailant was identified as Christopher Havlik." These statements were based on a

JWU Unusual Incident Report attached hereto as Exhibit B[1] and supported by a Providence Police Department Witness Statement. *See* Providence Police Department Witness Statement of Elyse M. Okolita attached hereto as Exhibit C.

On October 18, 2006, after the close of discovery, the Plaintiff filed a Motion to Amend Complaint to add a purported punitive damages claim to the defamation action. The proposed amendment would constitute Count II of the Amended Complaint. Proposed Count II, however, fails to allege the requisite elements to support a claim for punitive damages under Rhode Island law, including, but not limited to, conduct amounting to criminality, *Palmisano v. Toth,* 624 A.2d 314 (R.I. 1993); *Johnson v. Johnson,* 654 A.2d 1212 (R.I. 1995). Nor does the proposed amendment allege actual malice as required constitutionally to support a claim for punitive damages in a defamation case under the United States Supreme Court holding in *Gertz v. Robert Welch, Inc*., 418 U.S. 323 (1974). Therefore, because the proposed amended complaint fails to state a claim for punitive damages upon which relief can be granted, the proposed amendment is futile. Accordingly, and for the reasons set forth more fully herein, Plaintiff's Motion to Amend Complaint should be denied.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) states in relevant part that once a responsive pleading has been filed, a party may amend its pleading by leave of court or consent of the adverse party, and "leave shall be freely given when justice so requires." Despite this liberality,

[1] The names of the student witnesses were redacted by JWU in its document production to comply with the requirements of federal law. Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99.

"… a court may deny leave for reasons such as futility, bad faith, undue delay, or a dilatory motive on the movant's part." *Barber v. Verizon New England, Inc.*, No. 05-390ML, 2006 WL 561893, at *1 (D.R.I. March 7, 2006) (quoting *Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)). The Court of Appeals for the First Circuit has made clear that "a district court need not grant every request to amend, come what may …". *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 191 (1st Cir. 2006). Nor does Rule 15(a) require "that a trial court … mindlessly grant every request for leave to amend." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006). In fact, where an amendment would be futile, "the district court 'should not needlessly prolong matters.'" *Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998) (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990). Moreover, a motion to amend a complaint may be denied as futile if, as here, the "complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Finally, the Rhode Island standard for punitive damages is extremely rigorous and "whether a party seeking punitive damages has met the high standard imposed on such an award is a question of law for the trial justice." *Palmisano v. Toth*, 624 A.2d 314, 325 (R.I. 1993).

## ARGUMENT

I. The Proposed Amended Complaint Does Not Allege the Requisite Elements to Support a Claim for Punitive Damages

Plaintiff proposes to amend the Complaint to include the following paragraph:

> 7. At the time that the defendant university published the "Crime Alert" on September 21, 2004, university officials knew that the plaintiff did not possess a knife at the time of the incident involving another student. Notwithstanding this

> fact, the defendant knowing that portion of the "Crime Alert" in issue to be false, referenced the fact that the plaintiff possessed a knife at the time of said incident.

The initial sentence of the Plaintiff's proposed amendment is incorrect and is contradicted by the record in this case. The deposition testimony of Barbara Bennett, Chief Legal Counsel for JWU, shows that the Safety and Security Department of JWU, which issued the Crime Alert, is separate and independent from the Student Conduct Office of JWU, which dealt with the Plaintiff's disciplinary proceedings. Ms. Bennett testified that the personnel of the Safety and Security Department would have had no knowledge of any decisions made by the Student Conduct Office with respect to the Plaintiff, and her testimony in this regard is uncontradicted. *See* Bennett Deposition Transcript attached hereto as Exhibit D, page 84, line 4 through page 88, line 24. Therefore, the Plaintiff's proposed allegation that "at the time that the defendant university published the 'Crime Alert' … university officials knew that the plaintiff did not possess a knife at the time of the incident" unfairly suggests that JWU knowingly issued a false Crime Alert. Such an allegation is not supported by the very deposition upon which Plaintiff relies. Rather, as shown by the testimony of Ms. Bennett, the Crime Alert was issued by the Safety and Security Department of JWU without knowledge of what was transpiring or had transpired at the Plaintiff's disciplinary hearing. The two are unrelated and separate units, each carrying out its respective responsibilities.

There is another problem with the proposed amendment. The Plaintiff alleges that university officials "knew" that the Plaintiff did not possess a knife at the time of the incident. The Plaintiff is apparently referring to the decision of the JWU Student Conduct Hearing Board that the Plaintiff was found "not responsible" for charges of

possession of a knife. *See* Student Conduct Hearing Decision attached hereto as Exhibit E. However, a hearing board's decision finding the Plaintiff "not responsible" for an alleged violation does not mean that JWU (and in particular the Safety and Security Department, which issued the Crime Alert and which was not a party to the disciplinary proceedings) "knew" that the Plaintiff did not have a knife, particularly where the Safety and Security Department had received the JWU Unusual Incident Report (Exhibit B) supported by the Providence Police Witness Statement by Elyse Okolita (Exhibit C) which reported, respectively, that "a knife was flashed" and that Plaintiff "had a pocket knife in one of his hands." Findings of responsibility in a JWU disciplinary hearing are based on the evidence available and presented to the board at the time. Therefore, Plaintiff's proposed allegation that JWU "knew" that the Plaintiff did not possess a knife is not only unsupported by the record, but incorrect based on the record. What the Safety and Security Department "knew" for purposes of issuing the Crime Alert is what had been reported to the Providence Police, *i.e.*, that a knife was seen during the assault.

There is another problem with the Plaintiff's proposed amendment. The second sentence states "Notwithstanding this fact, the defendant knowing that portion of the 'Crime Alert' in issue to be false, referenced the fact that the plaintiff possessed a knife at the time of said incident." As shown above, the Safety and Security Department of JWU did not "know" at the time it issued the Crime Alert that the Plaintiff did not possess a knife. Rather, unknown to the Safety and Security Department, on the same day and just prior to the issuance of the Crime Alert, the Student Conduct Hearing Board issued a finding, based on the evidence before it, that the Plaintiff was "not responsible" for the

specific code violation dealing with possession of a weapon. The decision of the Student Conduct Hearing Board was not communicated to the Safety and Security Department before it issued the Crime Alert. Nor would such a finding, even if it had been known, been binding on the Safety and Security Department for purposes of issuing the Crime Alert. Instead, the Safety and Security Department issued the Crime Alert pursuant to federal mandate, 34 C.F.R. § 668.46(e), and based on what is contained in the JWU Incident Report (Exhibit B), supported by the Witness Statement of Elyse Okolita. *See* Exhibit C. Second, as shown by Exhibits B and C, there were reports to JWU and to the police, respectively, that "a knife was flashed" and that the Plaintiff "had a pocket knife in one of his hands." Based upon this information, the Safety and Security Department issued the Crime Alert containing a statement that it was reported "a knife was shown during the incident." Consequently, the Crime Alert is an accurate report. Whether the Plaintiff ultimately was found responsible or not responsible in a disciplinary hearing or whether Plaintiff ultimately was charged or not charged by the Providence Police with weapons related or other offenses are irrelevant.

Finally, not only does the proposed amendment contain allegations that are incorrect, the proposed amendment also fails to allege actual malice, does not contain any knowingly false statement published by JWU (in fact, the statement as published in the Crime Alert was an accurate report), and does not support a claim for punitive damages.

## II. Plaintiff's Proposed Amendment Fails to Satisfy the Punitive Damages Requisite Elements Under *Gertz v. Robert Welch, Inc.*

Plaintiff argues that the statements contained in the proposed amendment form the basis of his claim for punitive damages pursuant to the Supreme Court's holding in *Gertz.* *Gertz* stands for the proposition that as a matter of constitutional law a private figure

plaintiff can recover punitive damages upon proving "actual malice," which was defined in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) as knowledge of the falsity of the alleged libelous statement or publishing with reckless disregard of whether the statement is true or false.

Under *Gertz* (even assuming *arguendo* it applies here), the Plaintiff's proposed amendment fails to satisfy the elements required for the imposition of punitive damages. In order for the Plaintiff to recover punitive damages under *Gertz*, he must allege and ultimately prove that the statements in the Crime Alert were false, and that JWU published the Crime Alert with "knowledge of the falsity of the allegedly libelous statement" or "with reckless disregard of whether the statement is true or false." Here, Plaintiff has failed to allege such facts in his proposed amendment. As shown above, the statements contained in the Crime Alert accurately described what had been reported to JWU by witnesses and to the Providence Police by Elyse Okolita. This information was made available to JWU's Safety and Security Department. Under the *Gertz* constitutional standard, the Plaintiff has failed to allege facts sufficient to state a claim upon which punitive damages could be imposed under *Gertz*. Accordingly, Plaintiff's Motion to Amend Complaint should be denied.

III. <u>Plaintiff's Proposed Amendment Fails to Satisfy the Punitive Damages Requisite Elements Under Rhode Island Law</u>

More importantly, for present purposes, Plaintiff ignores the more restrictive standards governing the imposition of punitive damages under Rhode Island law, including punitive damages in defamation cases. This Court has stated that in order to allege a claim for punitive damages under Rhode Island law, one must allege that the defendant acted with the intent to cause harm, *Wilson Auto Enterprises, Inc. v. Mobil Oil*

*Corp*., 778 F.Supp.101, 107 (D.R.I. 1991). An "award of punitive damages is considered an extraordinary sanction and is disfavored in the law, but it will be awarded with great caution and within narrow limits." *D'Amato v. Rhode Island Hospital Trust Nat'l Bank*, 772 F.Supp.1322, 1324 (D.R.I. 1991). The Court of Appeals for the First Circuit weighed in the following year, explaining that "[t]he standard in Rhode Island for imposing punitive damages is rigorous and will be satisfied only in instances wherein a defendant's conduct requires deterrence and punishment over and above that provided in an award of compensatory damages." *Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir. 1992).

Later, in 1993 the Rhode Island Supreme Court severely restricted the imposition of punitive damages. *Palmisano*, 624 A.2d at 314.

> This court and others have held that the party seeking punitive damages has the burden of producing 'evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished.'(citations omitted)

*Id.* at 318. The *Palmisano* court further stated that "for punitive damages to be awarded there must be a showing that the defendant acted with malice or in bad faith" and with such conduct "as amount[s] to criminality." *Id*. (citing *Morin v. Aetna Casualty and Surety Co*., 478 A.2d 964, 967 (R.I. 1984).

Two years later, the Rhode Island Supreme Court applied its holding in *Palmisano* to defamation actions, explaining that although punitive damages may at times be allowed in such actions,[2] *Palmisano* "severely restricted" the imposition of punitive

[2] Rhode Island had previously recognized damages in defamation cases. *Bosler v. Sugarman*, 440 A.2d 129 (R.I. 1982).

damages. *Johnson v. Johnson*, 654 A.2d 1212, 1217 (R.I. 1995). In *Johnson*, the court concluded that the plaintiff failed to meet the "rigorous" standard for the imposition of punitive damages. *Id.*

Here, Plaintiff's proposed amendment fails to satisfy the elements required under law for the imposition of punitive damages, including the stringent standard under Rhode Island law, which requires conduct amounting to "willfulness, wickedness or recklessness … that amount[s] to criminality." *Palmisano*, 624 A.2d at 318. Plaintiff's proposed amendment only alleges that JWU knowingly published a false statement. As shown above, the statements as published by JWU were accurate, *i.e.*, it had been reported to JWU and to the Providence Police that a knife was shown. Nevertheless, even assuming *arguendo* that the statements published by JWU could conceivably be considered "false," JWU's conduct in publishing a Crime Alert as required by federal law[3] does not remotely approach the kind of egregious, criminal conduct required to impose punitive damages under *Palmisano* and *Johnson*. Moreover, even if JWU had knowingly published a false statement as alleged, which it plainly did not, such a publication under these circumstances would not permit the imposition of punitive damages, as the proposed amendment does not allege that JWU acted in a manner that was "willful, wicked, or reckless" which "amounts to criminality." Because the proposed amendment fails to allege facts sufficient to impose punitive damages under Rhode Island law, and because the question of whether the allegations support an award of punitive damages is a

[3] JWU moved for an extension of time to file dispositive motions pending this Court's ruling on the motion to amend. On October 27, 2006, this Court granted JWU's motion. At the appropriate time JWU intends to file a dispositive motion arguing, among other grounds, that with respect to the defamation claim JWU is entitled to a qualified privilege.

question of law for this Court, the Plaintiff's Motion to Amend Complaint should be denied because such an amendment would be futile.

IV. <u>The Uncontradicted Deposition Testimony of Barbara Bennett Does Not Support A Claim for Punitive Damages</u>

Plaintiff argues in his memorandum of law that this Court should allow the complaint to be amended to include a punitive damages claim based on the deposition testimony of Barbara Bennett. Plaintiff argues that "Recent testimony from Barbara Bennett, Chief Legal Counsel for Johnson & Wales University, revealed that at approximately 4:00 p.m. on the aforesaid date, the university published a 'Crime Alert'", and that "Ms. Bennett testified that the publication of the 'Crime Alert' occurred shortly after the Hearing Board's decision finding Mr. Havlik not guilty of possession of a knife." Plaintiff's Memorandum of Law at 1.

Plaintiff fails to mention, however, that during this same deposition, Ms. Bennett testified that neither she, nor the Safety and Security Department, knew that the Student Conduct Hearing Board had made a determination with respect to the Plaintiff when the Crime Alert was issued. *See* Exhibit D. Rather, the time sequence was such that fortuitously the Student Conduct Hearing Board made a decision on the same day and just prior to the time that the Safety and Security Department issued the Crime Alert. However, as shown by the uncontradicted deposition testimony of Ms. Bennett, the decision by the Student Conduct Hearing Board was not communicated to or known by the Safety and Security Department prior to the time it published the Crime Alert. Nor was the Safety and Security Department supposed to know whether there had been a student disciplinary hearing and the results of such a hearing as a pre-condition to the issuance of the Crime Alert. In fact, the results of a Student Disciplinary Hearing did not

impact, nor are they meant to impact whether a Crime Alert is issued and what is stated therein. Nor does JWU control or have a say in what ultimately happens with the criminal charges that may be brought by prosecuting authorities. Simply stated, Ms. Bennett's deposition testimony in no way supports a claim for punitive damages against JWU. To the contrary, her testimony further shows that the Plaintiff's proposed claim for punitive damages is unsupported in fact or law and an amendment to allow such claim would be futile.

## **CONCLUSION**

Plaintiff seeks to amend his complaint to include a purported claim for punitive damages. The complaint as amended would fail to state a claim for punitive damages under the Constitution and Supreme Court's holding in *Gertz,* and even more importantly, under the more stringent and applicable Rhode Island legal standards governing imposition of punitive damages. Therefore, the proposed amendment would be futile. Accordingly, JWU respectfully requests that the Plaintiff's Motion to Amend Complaint be denied.

Dated: October 30, 2006

DEFENDANT,
JOHN SON & WALES UNIVERSITY
By its attorneys,

/s/ John A. Tarantino

JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PAUL V. CURCIO, #1965
pcurcio@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30h day of October, 2006, I did send a true copy of the within Johnson & Wales University's Objection to Plaintiff's Motion to Amend Complaint and supporting Memorandum of Law **by electronic means (ECF)** to the following attorney of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903.

/s/ John A. Tarantino

*397350_1.doc*