UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER HAVLIK | : | |
| | : | |
| Vs. | : | C.A. No. 05—510ML |
| | : | |
| JOHNSON & WALES UNIVERSITY | : | |

ANSWER OF JOHNSON & WALES UNIVERSITY
TO PLAINTIFF'S AMENDED COMPLAINT

NOW comes the Defendant Johnson & Wales University (hereinafter referred to as "JWU"), by counsel, and hereby files its Answer to Plaintiff's Amended Complaint as follows:

1. JWU is without the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint.

2. JWU admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. JWU is without the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

COUNT I – LIBEL AND SLANDER

4. JWU admits that on or about September 21, 2004, the plaintiff, Christopher Havlik was a junior at Johnson & Wales University and had completed his first two years at the university. JWU objects to the characterization "successfully" and denies the same.

5. JWU admits that on or about September 21, 2004, it published a "Crime Alert" notification. JWU denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

COUNT II

6. JWU hereby realleges and incorporates by reference its responses to paragraphs 1 through 5 as if they were fully stated herein.

7. JWU denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

COUNT III

8. JWU hereby realleges and incorporates by reference its responses to paragraphs 1 through 7 as if they were fully stated herein.

9. JWU admits that while a student at Johnson & Wales, the plaintiff had certain rights that were afforded him, pursuant to the Johnson & Wales Student Handbook, effective in the academic year 2004 – 2005. The JWU objects to the characterization "substantive and procedural" and denies the same.

10. JWU admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. JWU admits the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. JWU admits that as a result of the University's finding that the plaintiff had violated two sections of the Student Code of Conduct, the plaintiff was dismissed from the University and was not eligible for reinstatement. JWU objects to the term "Student Discipline Code" and states that the correct name is "Student Code of Conduct."

13. JWU admits that the plaintiff filed a timely appeal to the University based on its finding of responsibility and his dismissal from the university and the plaintiff's appeal was denied on or about September 29, 2004. JWU objects to use of the phrase "finding of guilt" and denies the same. JWU further objects to the use of the term "expulsion" and states that the plaintiff was dismissed from the university, rather than expelled.

14. JWU denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. JWU denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

WHEREFORE, JWU respectfully requests that this Court:

a. dismiss this action with prejudice;

b. deny the Plaintiff, Christopher Havlik all of his requested relief;

c. enter judgment in favor of JWU and against the Plaintiff, Christopher Havlik;

d. award JWU its costs, expenses, and interest; and

e. award JWU such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or incurred any damages, such injuries and damages, if any, were the result of intervening or superseding events, factors, occurrences

or conditions which were not proximately caused by JWU and for which JWU is not liable.

THIRD AFFIRMATIVE DEFENSE

JWU cannot be held liable for defamation because the relevant statements published in the Crime Alert were true.

FOURTH AFFIRMATIVE DEFENSE

Under Rhode Island law, the common interest qualified privilege allowed JWU to publish the allegedly defamatory statements in the Crime Alert because acting in good faith JWU reasonably believed that it had a legal, moral and/or social duty to speak out, or that to speak out is necessary to protect its own interests, those of third persons, and certain interests of the public.

FIFTH AFFIRMATIVE DEFENSE

JWU hereby gives notice that it intends to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves its right to amend its answer to assert such defense or defenses.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages fails to state a claim upon which relief can be granted because the acts alleged do not constitute willful or wanton conduct tantamount to criminality nor is it alleged in the Amended Complaint that those acts do.

**JOHNSON & WALES UNIVERSITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

John A. Tarantino is hereby designated trial counsel on behalf of Johnson & Wales University.

Dated: November 28, 2006

DEFENDANT,
JOHNSON & WALES UNIVERSITY
By its attorneys,

/s/ Paul V. Curcio

PAUL V. CURCIO, #1965
pcurcio@apslaw.com

JOHN A. TARANTINO, #2586
jtarantino@apslaw.com

KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2006, I did send a true copy of the within Answer of Johnson & Wales University to Plaintiff's Amended Complaint **by electronic means (ECF)** to the following attorney of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903.

/s/ Paul V. Curcio

*400483_1.doc*