UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER HAVLIK | : | |
| | : | |
| Vs. | : | C.A. No. 05-510ML |
| | : | |
| JOHNSON & WALES UNIVERSITY | : | |

**STATEMENT OF UNDISPUTED FACTS**
**IN SUPPORT OF JOHNSON & WALES UNIVERSITY'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56 (Civil) of the Local Rules of this Court, Defendant Johnson & Wales University ("JWU") hereby submits the following statement of undisputed facts in support of its motion for summary judgment:

1. In the early morning hours of Friday, September 17, 2004, at approximately midnight, the Providence Police Department responded to an incident on Richmond Street in Providence. (Providence Police Department Offense Report[1])

2. During the course of a verbal altercation, the Plaintiff struck Donald Ratcliffe, causing him to fall to the ground. (Christopher Havlik Deposition "Havlik Depo." at 29:4-10[2])

3. The police requested a rescue to provide assistance to the victim, Mr. Ratcliffe, who suffered a fractured skull and a concussion. (Providence Police Department Offense Report; Providence Police Witness Statement of Donald Ratcliffe[3])

[1] Exhibit 1
[2] Exhibit 2
[3] Exhibit 3

4. The police investigated the incident and took witness statements from, among others, Elyse M. Okolita. (Providence Police Witness Statement of Elyse M. Okolita[4])

5. Ms. Okolita reported to the police that the Plaintiff had a knife in his hand during the incident. (Providence Police Witness Statement of Elyse M. Okolita)

6. The police charged the Plaintiff with assault. (Havlik Depo. at 30:3-5[5])

7. This incident was reported to the Department of Campus Safety and Security at JWU. (Johnson & Wales University Department of Campus Safety & Security Unusual Incident Report[6] "Unusual Incident Report")

8. In response to the report of the assault, Officer Rebecca Steele, a member of the Department of Campus Safety and Security conducted an internal investigation, interviewed witnesses, and generated an Unusual Incident Report. (Unusual Incident Report)

9. On Monday, September 20, 2004, the JWU Student Conduct Office issued a Notice of Suspension (temporary) to the Plaintiff, alleging violations of student conduct regulations; specifically, assault of another student, possession of a knife, and conduct that would violate federal, state or local laws. (Notice of Suspension by Immediate Action[7])

[4] Exhibit 4
[5] Exhibit 2
[6] Exhibit 5
[7] Exhibit 6

10. This notice was hand-delivered to the Plaintiff at approximately 2:00 p.m., and provided notice of the Plaintiff's right to a hearing to be held the following morning. (Havlik Depo. at 19:16-18[8])

11. On Tuesday, September 21, 2004, the Plaintiff's hearing took place. (Havlik Depo. at 20:13-15[9])

12. The Student Conduct Hearing Officer conducted the hearing with two panel members. (Havlik Depo. at 20:19-24[10])

13. The Plaintiff exercised his right to explain what happened in his view to the members of the panel. (Havlik Depo. at 21:1-6[11])

14. The Plaintiff also exercised his right to call witnesses to testify on his behalf. (Havlik Depo. at 21:7-17[12])

15. Later on September 21, 2004, the Department of Campus Safety and Security posted a Crime Alert. (Barbara L. Bennett Deposition "Bennett Dep." at 86:5-9[13]; Crime Alert[14])

16. The Crime Alert was issued based upon the JWU Unusual Incident Report and was consistent with the Providence Police witness statements. (Bennett Depo. at 61:20-21; 82:3-7; 88:2-5[15])

17. At the time that the Department of Campus Safety and Security issued the Crime Alert, it had no knowledge of what had transpired at the Plaintiff's disciplinary

[8] Exhibit 2
[9] Exhibit 2
[10] Exhibit 2
[11] Exhibit 2
[12] Exhibit 2
[13] Exhibit 7
[14] Exhibit 8
[15] Exhibit 7

hearing with the Office of Student Conduct. (Bennett Depo. at 84:19-22; 85:1-24[16])

18. The following day, September 22, 2004, the Plaintiff received a decision from the Student Conduct Office, indicating that after hearing from the Plaintiff, as well as all of the witnesses, the panel found the Plaintiff responsible for assault of another student and conduct that would violate federal, state or local laws. (Havlik Depo. at 22:1-6[17]; Student Conduct Hearing Decision[18])

19. The panel found the Plaintiff not responsible for possession of a knife. (Student Conduct Hearing Decision)

20. The sanction imposed was dismissal from JWU. (Student Conduct Hearing Decision)

21. The Student Conduct Hearing Decision informed the Plaintiff of his right to an appeal. (Student Conduct Hearing Decision)

22. On September 27, 2004, the Student Affairs Office received a letter from the Plaintiff, indicating his desire to exercise his right to an appeal. (Letter from Christopher Havlik to Dean Martel date-stamped "Received Office of Student Affairs Sep 27 2004"[19])

23. On September 29, 2004, after conducting a review of the record and the procedure, Veera Sarawgi, the JWU Student Conduct Office Appeal Officer issued an Appeal Review Notice, affirming the decision of the Conduct Review Hearing. (Appeal Review Notice[20])

---

[16] Exhibit 7
[17] Exhibit 2
[18] Exhibit 9
[19] Exhibit 10
[20] Exhibit 11

24. To facilitate compliance with the Clery Act, JWU maintains a Department of Safety and Security, which, from time to time, promulgates orders, including General Order-033. General Order-033 addresses Crime Prevention Programs and Community Relations and sets forth procedures to educate and inform the University community in crime prevention awareness and methods. Among other things, General Order-033 states that the Department of Safety and Security will establish the position of Crime Prevention Officer, who will be "responsible for alerting the University community of crimes that have occurred in the local area, both on and off campus, by posting crime alerts in buildings throughout the University and notices in the Campus Herald newspaper." (JWU Campus of Safety and Security General Order-033[21])

25. JWU publishes Crime Alerts because it is required to do so under federal law. (Bennett Depo. at 38:23-24; 39:1-19[22])

26. As the JWU Student Conduct Office is separate from the Department of Campus Safety and Security, it is not the practice of the Department of Campus Safety and Security to make inquiry with the Student Conduct Office as to a student's disciplinary status before issuing a Crime Alert. (Bennett Depo. at 85:5-13[23])

27. JWU provided the Plaintiff with a copy of the Student Handbook. (Havlik Depo. at 32:21-24; 33:1-21[24])

28. The JWU Student Handbook contains a Code of Student Conduct and a Conduct Review Process. (Student Handbook at pages 18-23[25])

---

[21] Exhibit 12
[22] Exhibit 7
[23] Exhibit 7
[24] Exhibit 2
[25] Exhibit 13

Dated: November 29, 2006

DEFENDANT,
JOHNSON & WALES UNIVERSITY
By its attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PAUL V. CURCIO, #1965
pcurcio@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2006, I did send a true copy of the within Statement of Undisputed Facts in support of Johnson & Wales University's Motion for Summary Judgment **by electronic means (ECF)** to the following attorney of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903.

/s/ John A. Tarantino

*400416_1.doc*