# EXHIBIT 5

# The Handbook for Campus Crime Reporting



U.S. DEPARTMENT OF EDUCATION
OFFICE OF POSTSECONDARY EDUCATION
2005

# Alerting Your Campus to Threats: The Timely Warning

CHAPTER 5



All of us want to be alerted to potentially dangerous situations near our homes or workplaces so that we can take appropriate precautions. Apply this to a college campus, and you have the concept of the "timely warning." In order to keep the campus community informed about safety and security issues on an ongoing basis, an institution must alert the campus community of certain crimes in a manner that is timely and will aid in the prevention of similar crimes. These crimes must include all *Clery Act* crimes (remember Chapter 3?) that are:

- Reported to campus security authorities or local police agencies; and
- Are considered by the institution to represent a serious or continuing threat to students and employees.

In addition to making timely warnings, an institution is required to have a timely warning policy (more about this in Chapter 8). All Title IV institutions are subject to the timely warning regulation. There are no exceptions.

Timely warnings can be issued for threats to property, as well as for threats to persons. It is irrelevant whether the victims or perpetrators are members of the campus community. The *Clery Act* mandates timely warnings only for *Clery Act* crimes, but nothing in the *Clery Act* prohibits timely warnings for other crimes that may pose a serious or continuing threat to the campus community (e.g., kidnapping). While there is no requirement to do so, we recommend that your institution request that local police keep the institution informed on an immediate basis of crimes that may require timely warnings. This request may be made as part of your annual letter to police requesting crime statistics.

By now you are probably asking, "What do you mean by 'timely'?" and "How do you expect me to alert everyone?" Neither the *Clery Act* nor ED define "timely." The warning should be issued as soon as the pertinent information is available because the intent of a timely warning is to alert the campus community of continuing

Timely warning cite
34 CFR 668.46(e)



**All Title IV institutions are subject to the timely warning regulation. There are no exceptions.**

threats especially concerning safety, thereby enabling community members to protect themselves.

Although the format for the warning has not been mandated, the notice must be timely and reasonably likely to reach the entire campus community and aid in the prevention of similar crimes. Therefore, timely warnings must be issued in a manner that gets the word out quickly communitywide. They may be e-mailed, posted around campus, or otherwise distributed according to your institution's policy. A combination of dissemination methods may be used. Timely warnings may not be issued in a manner or posted in a location that requires the campus community to make requests for them or to search for them. The responsibility for the warning rests solely with the institution.

## Information to Be Included in the Warning

*Clery Act* regulations do not specify what information should be included in a timely warning. However, because the intent of the warning is to enable members of the campus community to protect themselves, the warning should include all information that would promote safety. Your institution's policy regarding timely warnings should specify what types of information will be included.

## Making the Decision to Issue A Timely Warning

The issuing of a timely warning must be decided on a case-by-case basis in light of all the facts surrounding a crime, including factors such as the nature of the crime, the continuing danger to the campus community and the possible risk of compromising law enforcement efforts. We recommend that the institution meets beforehand with its security personnel and with local and state law enforcement authorities to discuss what is reasonable in terms of the timely reporting of crimes. Your institution's policy on timely warnings should specify who or which office is responsible for issuing the warnings.

## Crimes Exempt From the Timely Warning Requirement

34 CFR 668.46(a)
34 CFR 668.46(e)(2)

An institution is not required to provide a timely warning for crimes reported to a pastoral or professional counselor. (See Chapter 4 for definitions of pastoral and professional counselors.) There are no other exemptions.

inflict the disease by biting, spitting, etc.). All assaults by one person upon another with the intent to kill, maim or inflict severe bodily injury with the use of any dangerous weapon are classified as Aggravated Assault. It is not necessary that injury result from an aggravated assault when a gun, knife or other weapon that could cause serious personal injury is used.

Occasionally, it is the practice of local jurisdictions to charge assailants in assault cases with assault and battery, disorderly conduct, domestic violence or simple assault, even though a knife, gun or other weapon was used in the incident. This type of offense must be classified as Aggravated Assault. **For all types of Aggravated Assault, count one offense per victim.**

- **Aggravated Assault—Firearm.** Include all assaults in which a firearm of any type is used or is threatened to be used. Assaults with revolvers, automatic pistols, shotguns, zip guns, rifles, etc., are included in this category.

- **Aggravated Assault—Knife or Cutting Instrument.** Include assaults wherein weapons such as knives, razors, hatchets, axes, cleavers, scissors, glass, broken bottles and ice picks are used as cutting or stabbing objects, or when their use is threatened.

- **Aggravated Assault—Other Dangerous Weapon.** Include assaults resulting from the use or threatened use of any object as a weapon in which serious injury does or could result. The weapons in this category include, but are not limited to: Mace, pepper spray, clubs, bricks, jack handles, tire irons, bottles or other blunt instruments used to club or beat victims. Attacks by explosives, acid, lye, poison, scalding, burnings, etc., are also included in this category.

- **Aggravated Assault—Hands, Fists, Feet, Etc.—Aggravated Injury.** Include only the attacks using personal weapons such as hands, arms, feet, fists and teeth that result in serious or aggravated injury. Consider the seriousness of the injury as the primary factor in establishing whether the assault is aggravated or simple. Classify the assault as aggravated if the personal injury is serious (broken bones, internal injures or stitches required). On the other hand, classify the offense as a simple assault if the injuries are not serious (abrasions, minor lacerations or contusions) and require no more than usual first-aid treatment.

**An Aid for Classifying Assaults**

Careful consideration of the following factors should assist in classifying assaults:

- The type of weapon employed or the use of an object as a weapon;
- The seriousness of the injury; and
- The intent of the assailant to cause serious injury.

Often, the weapon used or the extent of the injury sustained will be the deciding factor in distinguishing aggravated from simple assault. In only a limited number of instances should it be necessary to examine the intent of the assailant.

Prosecutorial policy in a jurisdiction must not dictate classification of an assault. Examine and classify assaults according to the standard *UCR* definitions, regardless of whether they are termed misdemeanors or felonies by local definitions.

Aggravated assault is a troublesome crime to classify. If a number of persons are involved in a dispute or disturbance, and the aggressors cannot be distinguished from the victims, count the number of persons assaulted as the number of offenses.

*UCR* State Program Bulletin 99-1, Massachusetts, January 1999

**Examples of Aggravated Assault**

**Scenario 1:** Sarah and Anne had a heated argument at a party at a sorority house owned by the sorority off campus. Sarah grabbed a lacrosse stick and repeatedly beat Anne across the back with it, breaking several ribs. This is classified as one Aggravated Assault in the noncampus category.

**Scenario 2:** Two students are involved in a fist fight in the laundry room in their dormitory. Both have head injuries and are treated at a hospital. This is classified as two Aggravated Assaults in both the on-campus category and in the on-campus student housing category.

**Scenario 3:** Two students were involved in a physical altercation in a campus parking lot behind their dormitory. Brad pulled a canister of Mace from his pocket and sprayed Tim in the face, causing him severe burning and discomfort. Tim fled the scene and sought medical attention. This is classified as one on-campus Aggravated Assault, because Mace is considered a weapon.