UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER HAVLIK | : | |
| | : | |
| vs. | : | C.A. No. 05-510ML |
| | : | |
| JOHNSON & WALES UNIVERSITY | : | |

**SUPPLEMENTAL MEMORANDUM OF JOHNSON & WALES UNIVERSITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## BACKGROUND

On April 5, 2007, the Court directed the parties to attempt to agree on and stipulate to the location where the Johnson & Wales University ("JWU") student, Donald Ratcliffe, was struck by the Plaintiff, Christopher Havlik, and hit his head on the sidewalk. In the alternative, if the parties could not agree on or stipulate to an exact location, the Court directed JWU to file a supplemental memorandum setting forth its position. As the parties cannot agree, JWU now submits its supplemental memorandum with supporting affidavits.

## ARGUMENT

The Clery Act, 20 U.S.C. § 1092 *et seq.*, addresses, among other things, when a university, such as JWU, must post timely notices to warn the campus community when certain crimes are reported to have taken place on campus or on "public property" as defined in the Clery Act. In a telephone conference with counsel, the Court asked the parties to address the application of a certain section of the Clery Act, 20 U.S.C. § 1092 (f)(6)(A)(iii), to the issues now pending on summary judgment. That provision of the Clery Act defines "public property" as:

> All public property that is within the same reasonably contiguous geographic area of the institution, such as a sidewalk, a street,

> other thoroughfare, or parking facility, and is adjacent to a facility owned or controlled by the institution if the facility is used by the institution in direct support of, or in a manner related to the institution's educational purposes.

**1. The Location: 25 Richmond Street**

As shown in JWU's Memorandum in Support of its Motion for Summary Judgment, both the JWU Unusual Incident Report (Exhibit 1 hereto) and the Providence Police Offense Report (Exhibit 2 hereto) state that the incident occurred in front of 25 Richmond Street. JWU, through its wholly owned and controlled subsidiary, Griffin Realty Enterprises, Inc., owns the parcels with the addresses 17 through 29 Richmond Street. Those parcels form part of what is otherwise known as JWU's "Richmond Lot." Affidavit of Christopher Placco, ¶¶ 4-10. The Richmond Lot contains monthly parking spaces (107 spaces) for JWU employees who work in the abutting or other nearby JWU buildings. There are also parking spaces in the Richmond Lot for JWU employees who visit the JWU Downcity Campus (approximately 20 spaces). Finally, the remaining parking spaces in the Richmond Lot are used for daily transient parking, and an estimated 90% of those spaces are used by JWU students. *Id.*; Affidavit of Charles S. Meyers, ¶¶ 1-5.

JWU maintains and repairs the Richmond Lot and the sidewalks in front of 17 through 29 Richmond Street. Placco Affidavit at ¶ 11. JWU campus security personnel also patrol the Richmond Lot and these sidewalks. *Id.* at ¶ 12. Consequently, based on the information that was available to JWU at the time the so-called "Crime Alert" was drafted and circulated, the sidewalk where Mr. Ratcliffe was struck by Plaintiff and hit his head was a sidewalk maintained by JWU, was patrolled by JWU security officers, and was immediately adjacent to the parking facility "owned or controlled by [JWU]." 20 U.S.C. § 1092(f)(6)(A)(iii).

Additionally, the Richmond Lot parking facility "is used by [JWU] in direct support of, or in a manner related to [JWU's] educational purposes." *Id.* The Affidavits of Placco and Meyers show that the parking facility, the Richmond Lot, is used to serve the parking needs of JWU's Downcity Campus employees [107 of 178 parking spaces] with approximately 20 additional spaces for JWU employees who visit or have business at the Downcity Campus. With respect to the remaining spaces, an estimated 90% of them are used daily on a transient basis by JWU students. Meyers Affidavit at ¶¶ 3-5; Placco Affidavit at ¶ 9. The Placco Affidavit and its exhibits show that the parking facility located at 17 through 29 Richmond Street is adjacent to and/or within the same reasonably contiguous geographic area as numerous JWU Downcity Campus facilities, including academic buildings, a center for student activities, student dining facilities, and student residences, as well as the JWU library and the JWU Campus Safety & Security Building. Placco Affidavit at ¶ 13 and Exhibits 1, 2 and 3 attached thereto.

The Richmond Lot is a JWU facility and, accordingly, the sidewalk in front of 25 Richmond Street is "adjacent to a facility owned or controlled by [JWU]." 20 U.S.C. § 1092(f)(6)(A)(iii). Moreover, the facility – the Richmond Lot – is used by JWU "in direct support of, or in a manner related to [JWU's] educational purposes." *Id.* In this regard, although not in a Clery Act context, courts have had the opportunity to address whether parking lots or parking facilities owned by an educational institution that are adjacent, contiguous to, or even in the vicinity of a campus and used by students and staff, are facilities that are used for or related to purposes of education. For example, in *The Church Divinity School of the Pacific v. County of Alameda*, 152 Cal. App. 2d 496, 314 P.2d 209 (1st Dist. 1957), the court addressed whether for purposes of a constitutional tax exemption, a parking lot owned by a divinity school that was contiguous to the campus and utilized by students and staff was used for educational purposes

and thus exempt from taxation. The court concluded that notwithstanding the fact that a nominal charge was made for parking in that lot and although some gratuitous licensees used the parking lot in addition to university students and staff, the parking lot was used for and related to educational purposes. The court noted that it was important and significant to a university or educational institution to have adequate parking facilities available to its employees and students in order to further its educational purposes.

Additionally, in *Martin v. The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 434 Mass. 141, 747 N.E.2d 131 (2001), the Supreme Judicial Court of Massachusetts had to review, among other things, whether a church parking lot should be considered property with a "religious" use. In this regard, the court noted that in an earlier case, *Trustees of Tufts College v. Medford*, 415 Mass. 753, 754-755, 616 N.E.2d 433 (1993), it had considered whether a proposed multi-level parking garage would be a facility that would serve an educational purpose. In the *Trustees of Tufts College* case, the court concluded that the proposed parking garage would serve an educational purpose, particularly where the proposed garage "would be located in the core … area of Tufts' campus." *Id.* at 755, 616 N.E.2d 433.

The same is true here. The parking facility is adjacent to a sidewalk. The Richmond Lot is owned or controlled by JWU, is located in the core area of JWU's Downcity Campus, and is used by JWU in direct support of, or in a manner related to its educational purposes. The Richmond Lot is used by JWU employees and students who need access to a number of educational buildings, dining facilities, campus security facilities, and other facilities that are part of the JWU Downcity Campus. Consequently, the location at issue here, 25 Richmond Street, as noted on the Police Report and the JWU Unusual Incident Report falls within the definition of "public property" in accordance with 20 U.S.C. § 1092(f)(6)(A)(iii).

**2. The Alternative Location: 43 through 49 Richmond Street**

The Plaintiff claims that the incident occurred at the sidewalk in front of 43 through49 Richmond Street. *See* Exhibit 3 hereto.[1] Even assuming, *arguendo*, that the incident occurred at the sidewalk in front of 43 through 49 Richmond Street and not at the sidewalk in front of 25 Richmond Street (a fact which, even if true, would not have been available to JWU at the time it drafted and published the so-called "Crime Alert"), the location 43 through 49 Richmond Street still falls within the Clery Act definition of "public property." As shown by the Placco Affidavit, 43 through 49 Richmond Street is also part of the Richmond Lot and is now and was in 2004 owned by JWU. Placco Affidavit at ¶¶ 6-10. Furthermore, JWU maintains and repairs the Richmond Lot and the sidewalks in front of 43 through 49 Richmond Street and JWU Campus Security & Security regularly patrols that area as well. *Id.* at 10-12. Consequently, the same analysis applies to 43 through 49 Richmond Street that applies to 25 Richmond Street. The same authorities cited, which conclude that a parking facility owned or controlled by an educational institution is a facility used for educational purposes, apply whether the location of the incident is the sidewalk in front of 25 Richmond Street or the sidewalk in front of 43 through 49 Richmond Street. Thus, in the present circumstances, the exact location of the incident where Mr. Ratcliffe was struck by Plaintiff causing Mr. Ratcliffe to hit his head and sustain severe injuries, whether it is the sidewalk in front of 25 Richmond Street or the sidewalk in front of 43 through 49 Richmond Street, matters not. Both locations are "public property" as defined by 20 U.S.C. § 1092(f)(6)(A)(iii), and with respect to either location, JWU is entitled to Clery Act protection.

---

[1] By correspondence dated April 6, 2007, Plaintiff's counsel informed defense counsel that it is Plaintiff's position that the incident occurred at 43 through 49 Richmond Street rather than at 25 Richmond Street. Exhibit 3, is the map provided by Plaintiff's counsel in his correspondence and shows the location of the incident, 43 through 49 Richmond Street, according to Plaintiff.

## CONCLUSION

For these reasons, as well as those reasons stated in JWU's Memorandum in Support of its Motion for Summary Judgment, JWU respectfully requests that this Court grants its motion for summary judgment.

Dated: April 23, 2007

/s/ John A. Tarantino
JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PAUL V. CURCIO, #1965
pcurcio@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2007, I did send a true copy of the within document **by electronic means (ECF)** to the following attorney of record: John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, Suite 202, Providence, RI 02903.

/s/ John A. Tarantino

*415555_1.doc*